**686-15**

No. 02-13-00319-CR

ORIGINAL

IN THE COURT OF CRIMINAL APPEALS
FOR THE STATE OF TEXAS AT AUSTIN

Michael Oliver Smith,
Petitioner

V.

THE STATE OF TEXAS
RESPONDENT

From the Second District Court Of Appeals at
Ft. Worth, Texas   Appeal Cause No. 02-13-00319-CR
Trial Cause No. 52,047-B
From the 78th Judicial District Court of Wichita
County Texas. The Honorable W. Bernard Fudge,
Presiding Judge

Petition For Discretionary Review

FILED IN
COURT OF CRIMINAL APPEALS

AUG 19 2015

Abel Acosta, Clerk

Michael Oliver Smith
TDC-ID # 1873307
Michael Unit
2664 F.M. 2054
Tennessee Colony, Texas
75886

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 17 2015

Abel Acosta, Clerk

i

## IDENTITY OF PARTIES AND COUNSEL

Mr. Michael Oliver Smith, Petitioner
Institutional Division, Texas Department of Criminal Justice

Mr. Mark H. Barber
Court Appointed Appellate Counsel
900 8th Street Suite 116
Wichita Falls, Texas 76301

Mr. John Brasher
Assistant District Attorney
Wichita County Courthouse
900 7th, 3rd floor
Wichita Falls, Texas 76301

State Prosecuting Attorney
PO Box 13046
Austin Texas 78711-3646

Court Of Criminal Appeals
Po Box 12308
Austin, Texas 78711-2308

# TABLE OF CONTENTS

Identity of Parties AND Counsel      ii

Index of Authorities      4

Statement of CASE      5-6

Statement of Procedural History      7

Grounds For Review      8

Reason For Review w/ Arguement      9-12

Conclusion And Prayer For Relief      13

Appendix      14

# INDEX OF AUTHORITIES

CASES:

Ex Parte Austin, 746 S.W. 2d 226 (Tex. Crim App. 2007) - PG. 12, 12

Ex Parte Beck, 922 S.W. 2d 181 (Tex. Crim. App. 1996) - PG 12

Shannon v. State, 708 S.W. 2d 850 (Tex Crim. App 1986) PG. 12

State v. Lewis, 918 S.W. 2d 557 (Tex Crim. App- Dallas 1996) - PG 10

State v. Moore, 240 S.W. 3d 248 (Tex Crim. App. 2007) - PG 12

Wright v. State, 936 S.W. 2d 704 (Tex. App- Dallas 1996) PG. 12

Statutes:

Tex. Penal Code Section 12.33 (A) - PG. 9

Tex. Penal Code Section 12.35 - PG. 9

Tex. Penal Code Section 12.425 - PG. 9

Tex. Penal Code Section 38.04 - PG. 5

## Statement Regarding Oral Argument

Petitioner hereby waives Oral Argument

# STATEMENT OF CASE

On or about March 21, 2012 Petitioner was indicted for a state jail offense of Evading Arrest (CR. 1: 7-8) This offense is normally a class A misdemeanor. See Tex. Penal Code Sec 38.04. However the indictment alleged he had previously been convicted of a class A misdemeanor evading arrest and accordingly, the offense was a state jail felony offense. (CR 1:7-8) There was no other enhancements in the indictment. However the State filed "State's Notice to Seek Enhanced Punishment Range". (C.R. 1: 53-56) In the Notice, the State alleged that Petitioner had been convicted of a felony in 1998 and another felony in 2004 thus raising the punishment range from the state jail level (6 months to 2 years in state jail) to the second degree, punishment level of 2 to 20 in the Institutional Division of The Texas Department of Corrections. (C.R. 4: Ex. 2, p. 7-11) Therefore the state read the inhancement provisions. (R.R. 4: Ex 2, P. 7-11) Thereafter the Prosecutor announced to the court that the proceedings was going to be a "split plea". (R.R.4: Ex. 2, P. 7-11) The Prosecutor advised the court that the punishment according to the plea bargain was dependant on wheather Petitoner showed up for the punishment hearing and/or picked up a new charge. (R.R.4: Ex 2, P. 7-11) If Petitioner appeared at the punishment hearing and did not pick up a new charge, he would recieve six months in a state jail facility. (R.R. 4: Ex 2, P. 7-11) If the Petitioner did not appear at the punishment hearing or committed a new charge, the recommendation was 18 years in prison. The matter was recessed at the time. (R.R. 4: Ex 2, P. 13)

On January 2, 2013 Petitioner appeared for second phase of "split plea" and was then and there charged with manufacture delivery of Controlled substance

PG1 B/1 4/4 F2 suppasally comitted on the date of 12-20-2012 (cause No. 53026-B)

A seperate sentencing hearing was held on June 7th 2013 and the trial court held that Petitioner had committed a new offense subsequent to his plea of Guilt on November 27, 2012 (R.R. 2:122-123). The trial court sentenced Petitioner to 18 years in the Institutional Division of the Texas Department of Criminal Justice (RR.2:122-123)

On June 18, 2013 the State filed State's "Motion To Dismiss Cause No. 53026-B. 78th District Court Judge W. Bernard Fudge signed off and said charged used to induce the original 6 month State Jail Plea Agreement to 18 years imprisonment was dropped.

6

## Statement of Procedural History

On April 9, 2015 the Court of Appeals Second District of Texas, Fort Worth delivered Opinion And Affirmed

No motions for rehearing was filed.

## GROUNDS FOR REVIEW

Ground 1. Petitioner's Plea of Guilt was involuntary because the benifit of the Alleged Plea Bargain could not be recieved by Petitioner because he could not recieve the six months State Jail because the trial court and Prosecutor had him Plead Guilty to the enhancement Paragraphs. (R.R. 4: EX. 2, P. 7-11)

# REASON FOR REVIEW

GROUND 1. Petitioner's Plea of Guilt was involuntary because the benifit of the Alleged Plea bargain could not be recieved by Petitioner because the trial court and Prosecutor had him plead guilty to enhancement paragraphs

## Argument

At the Guilty Plea hearing on ~~December~~ November 27, 2012. Petitioner plead guilty to indictment which contained a state jail offense (R.R.4: Ex 2.7-9) The Punishment range for a State Jail offense is set forth in Texas Penal Code Section 12.35(A).

The Prosecutor then read the two enhancement Provisions and the court asked the Petitioner how he plead to each inhancement Provision. (RR 4: EX 2 P.5-11) Texas Penal Code Section 12.425 Provides the Penalities for repeat and habitual offenders on trial for state jail felonys.

The Punishment for a second degree felony is imprisonment in the Texas Department of Criminal Justice for any term not to more than 20 years or less than 2 years. Tex Penal. Code Section 12.33(a).

The Alleged Plea bargain was stated by Prosecutor and was as follows: My Plea bargain -- the Plea offer in this case is thus: Right Now I am Going to recommend that Mr. Smith be incarcerated in the "State Jail Facility" for a Period of "Six months". We respectfully are Going to ask the court to reset sentencing in this case till January 2nd, 2013 for 8:30 in the morning in the courtroom. In the event that Mr. Smith does Not appear or if he accures another charge that I can Prove to the satifaction of the court beyond a reasonable doubt between this time and the second of January 2013, if either of these things happen, my recommendation based on his Pleas true to enhancement Paragraphs

9

would be increased to eighteen years in TDC. I understand Judge--I am sorry. Im not trying to cut you off. The Court: That's fine (R.R.4: Ex. 2: 5-11)

Although the Prosecutor said that if Petitioner showed up for sentencing and did not "Accure" a new charge, he would recieve six months in a State Jail facility (R.R.4: Ex. 2: 5-11) However this was not possible because during the Guilty Plea hearing on November 27, 2012, he plead guilty to enhancement paragraphs, which relieves the State of it's burden to prove the enhancement allegations and forfeits the defendants right to appeal insufficiency of the evidence to prove prior convictions. Since the State had Smith plead true to both the enhancements, and the court having found them true at that point and time, the only authorized range of punishment was for 2nd degree felony, 2 to 20 years imprisonment. Petitioner was induced to enter an invalid plea bargain with the promise of being able to recieve six months state jail. Petitioners plea is involuntary because the benifit of the alleged plea bargain could not be recieved by Petitioner. See State v. Lewis, 918 S.W. 2d 557 (Tex. App Dallas, 1996)

Proffessor Dix clarifies what should be done in this type of circumstance. If the parties have negotiated a plea that contains terms that the trial court cannot leagally implement, that is reguarded as the equivalant of a broken promise by the prosecutor. For example, in Ex Parte Austin, the parties agreed that the defendant would recieve shock community supervision in a case in which there would be a finding of a deadly weapon, which precludes shock community supervision. The Court held that under the circumstances the plea was involuntary.

Dix + Schmolesky, Texas Practice: Criminal Practice + Procedure, Section 40: 75 (2011). See Ex Parte Austin, 746 S.W. 2d. 226. 227 (Tex Crim. App 1988)

The State in it's Memorandum Opinion Relied on State v. Moore, 240 S.W.3d 248 (Tex. Crim. App. 2007) As it's Authority. This is No Authority. Moore bargained for a 25 year recommedation from the state. The 25 Years was within the legal sentencing range of his bargain. However Smith, the Petitioner's plea was involuntary because he bargained for six months state jail which was outside of the legal sentencing range and could never be recieved because the prosecutor and the court had him plead true to inhancements.

Thus if the agreement calls for a sentence that is not permitted by the range of punishment for the offense to which the defendant pled guilty, the plea is involuntary and the remedy is to set aside. Dix + Schmolesky, Texas Practice: Criminal Practice + Procedure, Section 40:75 (2011), See: Ex Parte Austin, 746 S.W.2d 226 (Tex. Crim. App. 1988); Shannon v. State, 708 S.W.2d 850,852 (Tex. Crim. App. 1986); Ex Parte Beck, 922 S.W.2d 181 (Tex.Crim. App. 1996) Wright v State, 936 S.W.2d 704 (Tex. App-Dallas 1996)

11

## Conclusion And ~~Relief~~ Prayer For Relief

For the reason herein And the authority herein the Petitioner, Michael Oliver Smith, Request that the Court Grant this Petition, Reverse and render And Aquittal or Alternatively Grant him A New Trial.

Respectfully Submitted

Michael Oliver Smith

_Michael Oliver Smith_

TDC#01873307

Michael Unit

2664 F.M. 2054

Tennessee Colony, Texas
                    75886

12

# APPENDIX

1. Judgement and Sentence

Cause No. 52,047-B TRN 9098631029
Count No. I

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 78TH JUDICIAL |
| V. | § | DISTRICT COURT OF |
| MICHAEL OLIVER SMITH | § | WICHITA COUNTY, TEXAS |
| SID: TX 05348537 | § | Warrant No. 01-119811 |

# JUDGMENT OF CONVICTION BY COURT; SENTENCE TO INSTITUTIONAL DIVISION - TDCJ

| | |
|---|---|
| DATE OF JUDGMENT: | June 7, 2013 |
| JUDGE PRESIDING: | W. Bernard Fudge |
| ATTORNEY FOR THE STATE: | Dobie Kosub |
| ATTORNEY FOR THE DEFENDANT: | Mark Barber |
| OFFENSE: | Evading Arrest/Detention - Repetition (With Two (2) Enhancement Paragraphs) |
| STATUTE FOR OFFENSE: | Section 38.04, Penal Code |
| DEGREE OF OFFENSE: | State Jail Felony |
| APPLICABLE PUNISHMENT RANGE: | Second Degree Felony |
| DATE OF OFFENSE: | January 18, 2012 |
| CHARGING INSTRUMENT: | Indictment |
| TERMS OF PLEA AGREEMENT: | Eighteen (18) years confinement Texas Department of Criminal Justice - Institutional Division |
| PLEA TO OFFENSE: | Guilty |
| PLEA TO ENHANCEMENT PARAGRAPH(S): | True |
| VERDICT FOR OFFENSE: | Guilty |
| FINDING ON ENHANCEMENT: | True |
| AFFIRMATIVE FINDING ON DEADLY WEAPON: | N/A |
| DATE SENTENCE IMPOSED: | June 7, 2013 |
| PUNISHMENT AND PLACE OF CONFINEMENT: | Eighteen (18) years in the Institutional Division - TDCJ, and a $0 fine |
| TIME CREDITED TO SENTENCE PURSUANT TO PLEA BARGAIN: | -253- days |
| COURT COSTS: | $539.00 |
| TOTAL AMOUNT OF RESTITUTION: | $0 |
| VICTIM INFORMATION: | -- |

The **Sex Offender Registration Requirements** under Chapter 62, CCP, do not apply to the Defendant. The age of the victim at the time of the offense was not applicable.

This sentence shall run **concurrently unless otherwise specified.**

On the date stated above, the above numbered and entitled cause was regularly reached and called for trial, and the State appeared by the attorney stated above, and the Defendant and the Defendant's attorney, as stated above, were also present. Thereupon both sides announced ready for trial, and the Defendant, Defendant's attorney, and the State's attorney agreed in open court and in writing to waive a jury in the trial of this cause and to submit it to the Court. The Court consented to the waiver of a jury. The Defendant further waived the reading of the **indictment or information (having waived right to grand jury) as shown above** and, upon being asked by the Court as to how the defendant pleaded, entered a plea of **Guilty** to the offense of **Evading Arrest/Detention - Repetition (With Two (2) Enhancement Paragraphs), as alleged in the charging instrument or as a lesser included offense.** Furthermore, as to the enhancement paragraphs, if any, the Defendant entered a plea as stated above.

Thereupon, the Defendant was admonished by the Court of the consequences of the plea(s); it appeared to the Court that the Defendant was competent to stand trial and that the defendant was not influenced in making said plea(s) by any consideration of fear or by an persuasion prompting a confession of guilty; and the Court received the free and voluntary plea(s), which are now entered of record in the minutes of the court. The Court proceeded to hear evidence from the State and the Defendant and, having heard argument of counsel, found there was sufficient evidence to support the Defendant's plea and found the Defendant "GUILTY" of the offense stated above, found it was committed on the date(s) stated above, and made a finding on the enhancement paragraphs, if any, as stated above. A presentence investigation report **was not required or done.** The Court then assessed punishment as stated above.

And thereupon the Court asked the Defendant whether the Defendant had anything to say why said sentence should not be pronounced upon said Defendant, and the Defendant answered nothing in bar thereof. Whereupon the Court proceeded to pronounce sentence upon said Defendant as stated above.

It is therefore ORDERED, ADJUDGED and DECREED by the Court that the defendant is guilty of the offense stated above, the punishment is fixed as stated above, and the State of Texas do have and recover of said defendant all court costs in this prosecution expended, for which execution will issue.

It is ORDERED by the Court that the Defendant be taken by the authorized agent of the State of Texas or by the Sheriff of this county and be safely conveyed and delivered to the **Director, Institutional Division - TDCJ,** there to be confined in the manner and for the period aforesaid, and the said defendant is hereby remanded to the custody of the Sheriff of this county until such time as the Sheriff can obey the directions of this sentence. The defendant is given credit as stated above on this sentence for the time spent in county jail. The Defendant also is ordered to pay restitution to the person(s) named above in the amount specified above.

Signed on this day, June 7, 2013.

_____
**Judge Presiding**

Defendant's Right Thumbprint



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-13-00319-CR

MICHAEL OLIVER SMITH                                                      APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY
TRIAL COURT NO. 52,047-B

----------

## MEMORANDUM OPINION[1]

----------

In two points, Appellant Michael Oliver Smith appeals his conviction and eighteen-year sentence for evading arrest or detention—repetition. We will affirm.[2]

----

[1]See Tex. R. App. P. 47.4.

[2]This appeal was originally submitted without oral argument on June 30, 2014. The court, on its own motion on January 15, 2015, ordered the appeal reset without oral argument on February 5, 2015, and assigned it to the current panel. The undersigned was assigned authorship on January 15, 2015.

At a hearing on November 27, 2012, Smith pleaded guilty to evading arrest or detention—a state-jail felony with a punishment range of six months to two years. *See* Tex. Penal Code Ann. § 38.04(a), (b)(1) (West Supp. 2014). Smith confirmed that he understood the range of punishment, and he signed a "Court's Admonishment to Defendant Prior to Accepting Defendant's Plea of Guilty or Nolo Contendere," a "Defendant's Waiver of Rights and Consent to Stipulation of Evidence," and a judicial confession. The following exchange also occurred:

> The Court: Has the State and the defendant discussed any sort of a plea bargain arrangement?
>
> [Defense Counsel]: We have, Your Honor.
>
> [Prosecutor]: Judge, we have. And at this time we have to be -- I need to be very clear in how we're going to proceed. First of all, I would ask . . . the Court to take judicial notice of the contents of the Court's file.
>
> The Court: The Court will so note.
>
> [Prosecutor]: On November the 16th, Your Honor, I filed a motion noting my intent to seek enhanced punishment in this case, given the defendant's criminal history to date.
>
> I would ask the Court to ask Mr. Smith how he would plead to the enhancement paragraphs at this time, alleging he is the same Michael Oliver Smith that was convicted on the 19th day of August, 2004 in the 89th District Court of Wichita County, Texas, in Cause Number 40,943-C?
>
> The Court: Mr. Smith --
>
> [Defense Counsel]: What was the charge?
>
> [Prosecutor]: That charge was unlawful possession of a firearm by a felon.
>
> The Court: Is that allegation true or not true?

2

[Smith]: True.

[Prosecutor]: Your Honor, I would also ask him if he's the same Michael Oliver Smith that on the 24th day of July, A.D., 1998, in the 78th District Court of Wichita County, Texas in . . . 31,818-B, he's the same Michael Oliver Smith who was convicted of aggravated assault.

The Court: And Mr. Smith, I'm going to ask you again, is that allegation true or not true?

[Smith]: True.

[Prosecutor]: Your Honor, those are the two enhancement paragraphs that I will seek to prove up in punishment if we were to reach that stage of the trial.

My . . . plea offer in this case is thus: Right now I'm going to recommend that Mr. Smith be incarcerated in the state jail facility for a period of six months. We respectfully are going to ask the Court to reset sentencing in this case till January the 2nd, 2013, for 8:30 in the morning here in the courtroom.

In the event that Mr. Smith does not appear or if he accrues another charge that I can prove to the satisfaction of the Court beyond a reasonable doubt between this time and the 2nd of January, 2013, if either of those things happen, my recommendation, based on his pleas of true to the enhancement paragraphs, would be increased to eighteen years in the Texas Department of Criminal Justice.

. . . .

[Prosecutor]: I know that there have been difficulties between the defendant and his lawyer that [Defense Counsel] has put on the record on a couple of occasions. I need Mr. Smith to understand with crystal clarity what this deal is, and that he is also in agreement with this situation.

The Court: Okay. First, I would ask [Defense Counsel]; you've heard the plea bargain announced on the record. Is that your understanding?

[Defense Counsel]: That is our understanding of the plea bargain.

The Court: And then Mr. Smith, the Court would ask you the same question: You've heard the plea bargain announced on the record; is that correct?

[Smith]: Yes, sir.

The Court: And did you understand the plea bargain as it was announced?

[Smith]: Yes, sir.

The Court: And is that your understanding of the agreement that you've reached with the State regarding the plea bargain?

[Smith]: Yes, sir.

The Court: Anything further?

[Prosecutor]: Just to be clear, if he shows up without accruing new charges on the 2nd of January, 2013, the State's recommendation at that time will be six months in the state jail facility, with credit for the time he's already served attached to this charge, which I think is close to nine weeks.

The Court: Nine weeks?

[Prosecutor]: Nine weeks, yes, sir.

The Court: Okay. Mr. Smith, the Court would like to admonish you on the record that the Court has a history, when we've done these split plea arrangements, where that if you do show up on time and you don't get a new charge, the Court honors the plea bargain that's announced. But it goes both ways; if you don't show up on time, and you do get some sort of a new charge, the Court would and will assess the punishment in accordance with the plea bargain that's been announced, which would be eighteen years.

[Smith]: (Indicating yes).

The Court: You understand that?

[Smith]: Yes, sir.

At the conclusion of the hearing, the prosecutor said that he "was insistent that [Smith] go into custody today following his plea of guilty, but [Defense Counsel], through his negotiating, was able to secure a split plea situation to extend for these few weeks."

On July 15, 2013, the trial court conducted a sentencing hearing at which the State sought to prove that on December 20, 2012—after the plea deal above was entered but before the hearing scheduled for January 2, 2013—Smith committed the offense of possession of methamphetamine. At the conclusion of the hearing, the trial court found "that there's sufficient evidence and cause to set the sentence in accordance with the plea bargain at 18 years."

Relying on *Ex parte Rich*, 194 S.W.3d 508 (Tex. Crim. App. 2006), Smith argues in his first point that once he pleaded true to the enhancement paragraphs, the trial court had no option but to find them true and to sentence him to a term of confinement within the range for a second-degree felony—two to twenty years. Smith contends that his guilty plea was therefore involuntary because the trial court had no authority to sentence him to six months' confinement if, consistent with the terms of the plea agreement, he returned to court on January 2, 2013, and had not committed a new offense.

In *Rich*, Rich pleaded guilty to felony DWI and true to two enhancement paragraphs that alleged prior convictions for two felony offenses. *Id.* at 510. The trial court enhanced Rich's punishment under the habitual-offender provision of

5

penal code section 12.42(d) and imposed a sentence of twenty-five years' confinement. *Id.* Rich did not take a direct appeal. *Id.* As it turns out, one of the prior felony convictions used to enhance Rich's punishment had been reduced to a misdemeanor after a motion for new trial was granted. *Id.* Rich sought habeas relief, and the issue before the court of criminal appeals was whether he could "raise a claim of illegal sentence based on an improper enhancement for the first time on a writ of habeas corpus, or whether such claim is forfeited by: 1) [Rich's] failure to raise it on direct appeal; or 2) [Rich's] plea of true to such enhancements during the plea proceedings." *Id.* In discussing whether Rich had forfeited his complaint by pleading true to the enhancement paragraphs at the plea proceedings, the court acknowledged "the general rule that a plea of true to an enhancement paragraph relieves the State of its burden to prove a prior conviction alleged for enhancement and forfeits the defendant's right to appeal the insufficiency of evidence to prove the prior conviction," but it also recognized an exception when the record affirmatively reflects that the enhancement is itself improper. *Id.* at 513. *Rich* is no authority for Smith's argument that the trial court was bound to sentence him to between two and twenty years' confinement once he pleaded true to the enhancement paragraphs.

*State v. Moore*, 240 S.W.3d 248 (Tex. Crim. App. 2007), on the other hand, is directly on point. That case concerned the validity of a plea-bargain

6

agreement that was similar to the one in this case.[3] *Id.* at 249. In concluding that the plea agreement was enforceable, the court of criminal appeals reasoned in part as follows:

> It is safe to conclude that plea agreements may contain a variety of stipulations and assurances, depending on the desires of the State and the defendant. In *Mabry v. Johnson*, the United States Supreme Court noted that "plea agreements are consistent with the requirements of voluntariness and intelligence—because each side may obtain advantages when a guilty plea is exchanged for sentencing concessions, the agreement is no less voluntary than any other bargained-for exchange." In fact, the terms of the plea agreement are left solely to "the parties who are dealing at arm's length. This court will not interfere with those terms unless they appear to be manifestly unjust."
>
> . . . In *Ex parte Williams*, we held, "When a defendant agrees to the terms of a plea bargain agreement[,] he is deemed to have entered into the agreement knowingly and voluntarily unless he shows otherwise. In effect, he becomes a party to a 'contract'." Consistent with general contract principles, then, both the State and the defendant should be given great latitude in crafting plea agreements.

*Id.* at 250–51 (footnotes omitted).

---

[3]The agreement:

> . . . required that Moore plead guilty to the charge. The State agreed to a six-week postponement of the sentencing so that the appellant could prepare for his term of incarceration. The appellant promised to appear for his sentencing and to refrain from committing any criminal offense during his six-week reprieve. On condition that the appellant abide by these terms, the State offered to recommend a punishment of twenty-five years. Should the appellant fail to abide by these terms, however, the agreement expressly provided that the State would not recommend a punishment; it would become an open plea for the trial court to determine the sentence based on the full punishment range, up to life in prison.

*Moore*, 240 S.W.3d at 249.

7

Here, the State carefully set out the terms of the bargained-for plea agreement, and Smith indicated that he understood and agreed with them. At the subsequent hearing that occurred, the State proved that Smith had committed a new criminal offense after the prior hearing but before the hearing that was scheduled for January 2, 2013, and the trial court—consistent with its prior admonishment to Smith—sentenced him to eighteen years' confinement. Nothing in the record suggests that Smith involuntarily pleaded guilty; instead, the record demonstrates that he entered the plea as part of a knowing and voluntary agreement with the State. We overrule Smith's first point.

Smith argues in his second point that the trial court erred by failing to admonish him about the range of punishment for a second-degree felony. But the trial court's written admonishments, which Smith signed, properly advised him of the range of punishment for a second-degree felony. *See* Tex. Code Crim. Proc. Ann. art. 26.13(c) (West Supp. 2014) ("In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court."); *Seagraves v. State*, 342 S.W.3d 176, 181–82 (Tex. App.—Texarkana 2011, no pet.). Smith contends that the written admonishments also explained the range of punishment for a third-degree felony and that there is nothing in the record to show that he knew whether that range of punishment or the range of punishment for a second-degree felony was applicable to him. But, as detailed above, Smith

and the State bargained for a plea agreement whereby he would be sentenced to eighteen years' confinement if he failed to show up on January 2, 2013, or he committed a new offense. Eighteen years' confinement is a legal sentence for a second-degree felony, not a third-degree felony. *See* Tex. Penal Code Ann. §§ 12.33(a), .34(a) (West 2011). The record demonstrates that Smith knew precisely what range of punishment was involved with his plea agreement. We overrule Smith's second point and affirm the trial court's judgment.

/s/ Bill Meier

BILL MEIER
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 9, 2015

9